THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TARON HILL, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEW JERSEY DEPARTMENT OF TREASURY, et al., <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 22-3558 (KMW-SAK) <br><br> **ORDER** |

**WILLIAMS, District Judge:**

This matter having come before the Court on the Motion to Dismiss filed by Defendants City of Camden, Detective Jose Torres, Detective Wayne Matthews, and Officer John Martinez ("City Defendants") (ECF No. 73), which Plaintiff opposed (ECF No. 77), and City Defendants replied (ECF No. 81); and by way of a Motion to Dismiss filed by State of New Jersey Department of Treasury, Camden County Prosecutor's Office, Assistant Prosecutor Mindy Mellits, Investigator Matthew Woshnak, Sergeant Kevin Kelligan, Lieutenant Arthur Folks, and Sergeant Martin Devlin, ("Prosecutor Defendants") (ECF No. 82), which Plaintiff opposed (ECF No. 88), and Prosecutor Defendants replied (ECF No. 93); and the Court having read the submissions and heard the arguments of counsel during the hearing held on February 8, 2024, and the Court noting the appearances of counsel: Justin C. Bonus, Esq., appearing on behalf of the plaintiff; William J. Hamilton, Esq., appearing on behalf of Prosecutor Defendants; Edward Frank Kuhn, III, Esq., appearing on behalf of City Defendants; and for the reasons set forth on the record, and for the reasons that follow, City Defendants' Motion to Dismiss (ECF No. 73) will be granted and Prosecutor Defendants' Motion to Dismiss (ECF No. 82) will be granted in part and denied in part.[1]

---

[1] Plaintiff's Complaint asserts nine claims, (ECF No. 68 at ¶¶ 43-123). The Court notes for the record that the Counts were misnumbered: there are nine counts, numbered one through eleven, and the Complaint skips numbers eight and nine. For continuity and clarity, the Court will use the Count number as it appears in the Complaint.

### I. City Defendants' Motion for Judgment on the Pleadings (ECF No. 73)

WHEREAS, Plaintiff conceded that Defendant Martinez should have all claims against him be dismissed; and

WHEREAS, Plaintiff failed to make sufficient factual allegations related to Defendant Matthews' conduct to satisfy the requirements of Fed. R. Civ. P. 8(a)(a) and 12(b)(6), which requires a plaintiff to plead sufficient facts which, when accepted as true, states a claim to relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and so all claims against Defendant Matthews must also be dismissed; and

WHEREAS, *respondeat superior* liability related to intentional torts (Claims 1, 2, and 3) cannot apply to the City of Camden or to the Camden City Police Department, *Hammon v. Kennett Twp.*, 746 F. App'x 146, 149 (3d Cir. 2018); and

WHEREAS, Plaintiff's New Jersey Tort Act ("NJTCA") claims regarding Plaintiff's confinement are untimely per New Jersey's statute of limitations, *see O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006); N.J.S.A. 2A:14-2; and

WHEREAS, Plaintiff has not made any sufficient arguments or asserted any facts to support equitable tolling and whether it can apply to his expired tort claims, *see Paladino v. Bonds*, No. 18-3199, 2018 WL 3000391 at *6 (D.N.J. Jun. 15, 2018); and

THE COURT FINDING that Count 1 (Malicious Prosecution) must be dismissed as to City Defendants Martinez, Matthews, and City of Camden; and

THE COURT FINDING that Count 2 (Intentional Infliction of Emotional Distress) and Count 3 (Abuse of Process) against all City Defendants must be dismissed because they are untimely; and

THE COURT FINDING that Count 4 (42 U.S.C. § 1983 relating to Suggestive Photo Identification) must be dismissed as to City Defendants Martinez and Matthews; and

THE COURT FINDING that Count 5 (42 U.S.C. § 1983 relating to Post Trial Witnesses and Alleged Exculpatory Evidence) must be dismissed against City Defendant Matthews; and

THE COURT FINDING that the case can proceed with the following claims against the City Defendants: Count 1 (Malicious Prosecution) against City Defendant Torres; Count 4 (42 U.S.C. § 1983 relating to Suggestive Photo Identification) and Count 5 (42 U.S.C. § 1983 relating to Post Trial Witnesses and Alleged Exculpatory Evidence) against City Defendant Torres; Count

6 (*Monell* Claim) against City of Camden; and Count 10 (Negligent Hiring/Training) against the City of Camden.

## II.     Prosecutor Defendants' Motion to Dismiss (ECF No. 82)

WHEREAS, Plaintiff failed to make sufficient factual allegations related to Defendants Kellegian, Devlin, and Folks to satisfy the requirements of Fed. R. Civ. P. 8(a)(a) and 12(b)(6), requiring the Plaintiff to plead sufficient facts, when accepted as true, states a claim to relief that is plausible on its face the *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and

WHEREAS, group pleadings are insufficient to state a claim as a matter of law because such pleadings do not satisfy the plausibility requirement pursuant to Fed. R. Civ. P. Rule 8, *see Miretskaya v. Rutgers*, No. 20-14856, 2022 WL 3020153 at *3 (D.N.J. Jul. 29, 2022); and

THE COURT FINDING that Count 1 (Malicious Prosecution), Count 4 (42 U.S.C. § 1983 relating to Suggestive Photo Identification), and Count 5 (42 U.S.C. § 1983 relating to Post Trial Witnesses and Alleged Exculpatory Evidence) must be dismissed against Prosecutor Defendants Kellegian, Devlin, and Folks because the Amended Complaint does not allege any facts to suggest that these Prosecutor Defendants took part in any conduct that would support a violation of Plaintiff's civil rights; and

WHEREAS, to state a claim for malicious prosecution, a plaintiff must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding, *Gebhart v. Steffen*, 574 Fed. App'x 156, 158-59 (3d Cir. 2014) (internal citation omitted).; and

WHEREAS, the parties do not contest that Plaintiff's Amended Complaint satisfies the first, second, and fifth factor; and

WHEREAS, the Court must accept the allegations as true and affording Plaintiff all reasonable inferences; and

WHEREAS, Plaintiff's Amended Complaint provides enough factual averments for the Court to find it plausible that, given the nature of the case, that Prosecutor Defendants plausibly acted for a purpose other than bringing Plaintiff to justice and therefore satisfies the fourth factor;

3

and

WHEREAS, at the pleadings stage, when considering probable cause, the question becomes whether there is any set of facts that can support a denial of immunity, *see Castro v. Atl. Cty.*, No. 15-02041, 2018 WL 3122065 at *7 (D.N.J. Jun. 25, 2018); and

WHEREAS, a central issue of the case relates to whether probable cause existed; and

WHEREAS, Plaintiff asserts in his Complaint that the police and investigators did not receive a reliable identification and therefore did not have probable cause to arrest him; and

WHEREAS, the question of probable cause is a fact intensive inquiry, one that is generally reserved for the jury, *see Janowski v. City of N. Wildwood*, 259 F.Supp.3d. 113, 126 (D.N.J. 2017); and

THE COURT FINDING that Plaintiff has sufficiently alleged all elements of his malicious prosecution claim at this stage and therefore the Court denies Prosecutor Defendants' Motion to Dismiss on Count 1 (Malicious Prosecution) as it relates to Prosecutor Defendant Mellits, Prosecutor Defendant Woshnak, and the Camden County Prosecutor's Office; and

WHEREAS, as discussed in the City Defendants' Motion to Dismiss, Plaintiff's New Jersey Tort Act ("NJTCA") claims regarding Plaintiff's confinement (Count 2 Intentional Infliction of Emotional Distress and Count 3 Abuse of Process) are untimely per New Jersey's statute of limitations, *see O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006); N.J.S.A. 2A:14-2; and

WHEREAS, Plaintiff has not asserted any facts to support equitable tolling and whether it can apply to his expired tort claims, *see Paladino v. Bonds*, No. 18-3199, 2018 WL 3000391 at *6 (D.N.J. Jun. 15, 2018);

THE COURT FINDING that Count 2 (Intentional Infliction of Emotional Distress) and Count 3 (Abuse of Process) must be dismissed as to all Prosecutor Defendants because the claims are untimely; and

WHEREAS, Prosecutor Defendant Woshnak is alleged to have engaged in a suggestive identification procedure pre-indictment during the investigatory phase of the case; and

WHEREAS, at this stage a plaintiff must allege a violation of a constitutional right, and that the right at issue must have been clearly established at the time of the challenged conduct, *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); and

4

WHEREAS, to overcome the qualified immunity that attaches for actions taken in an investigative or administrative capacity, Plaintiff must show that the photo identification procedure at the time of his arrest was "objectively unreasonable" considering the constitutional rights impacted, *Brown v. Grabowski*, 922 F.2d 1097, 1109 (3d Cir. 1990); and

WHEREAS, the facts alleged regarding the various witnesses and interviews in this case when considered under the *Simmons* factors (*see Simmons v. United States*, 390 U.S. 377, 384-85 (1967)), and in consideration of the Attorney General Guidelines for identification procedures promulgated in 2001, years prior to the challenged conduct, nudges Plaintiff's claim "across the line from conceivable to plausible," *Gebhart v. Steffen,* 574 Fed. App'x 156, 158 (3d Cir. 2014); and

THE COURT FINDING that it must deny Prosecutor Defendants' Motion to Dismiss as to Count 4 (42 U.S.C. § 1983 relating to Suggestive Photo Identification) as it applies to Prosecutor Defendant Woshnak; and

WHEREAS, absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings where the prosecutor is continuing their role as an advocate, *Yarris v. County of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006); and

WHEREAS, Prosecutor Defendant Mellits was engaged in her prosecutorial functions to prepare and conduct post-trial, adversarial proceedings when the challenged conduct occurred (procuring and utilizing jailhouse informants, misrepresenting the reliability of testimony, and not turning over documents probative of another's guilt for the crime); and

WHEREAS, absolute immunity also extends to a prosecutor's investigator performing investigative work in connection with a criminal prosecution during adversarial proceedings, *see Iantosca v. Magnone*, No. 16-9497, 2017 WL 3065214 at *3 (D.N.J. Jul. 19, 2017); and

WHEREAS, Prosecutor-Defendant Investigators Matthew Woshnak, Sergeant Kevin Kelligan, Lieutenant Arthur Folks, and Sergeant Martin Devlin were performing investigative work in connection with a criminal prosecution when they engaged in the challenged conduct (procuring jailhouse informant testimony); and

WHEREAS, qualified immunity would apply to those investigative acts that occurred outside of the window of active prosecution, (related to the unclear time of receipt of documents obtained by Prosecutor Defendants, which were ultimately not *Brady* material and therefore did not impact Plaintiff's right to due process, *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)); and

THE COURT FINDING that Count 5 (42 U.S.C. § 1983 relating to Post Trial Witnesses and Alleged Exculpatory Evidence) must be dismissed against all Prosecutor Defendants (Mellits, Woshnak, Kelligan, Folks, and Devlin) because they are entitled to absolute immunity or qualified immunity with regard to their post-conviction actions; and

WHEREAS, 42 U.S.C. § 1983 imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," 42 U.S.C. § 1983; and

WHEREAS, a "person" under § 1983 cannot be a State itself or its officials acting in their official capacities, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); and

WHEREAS, the Third Circuit has held that an entity of the Prosecutor's Office, when acting "within its classical function of investigating criminal activities and conducting criminal prosecutions" is considered an "arm of the State" and thus cannot be held liable under § 1983, *Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 855 (3d Cir. 2014); and

WHEREAS, county prosecutor offices are entitled to absolute immunity pursuant to § 1983 with regards to training decisions, policy decisions, and procedures that require legal knowledge and discretion related to prosecutorial functions, *see Hyatt v. County of Passaic*, 340 Fed. App'x 833, 838 (3d Cir. 2009); and

WHEREAS, Plaintiff does not make any allegations that would suggest the Camden County Prosecutor Office engaged with him in any way outside of its classic investigative and prosecutorial functions; and

THE COURT FINDING that Count 7 (*Monell* Claim) against the Camden County Prosecutor Office must be dismissed because it interacted with Plaintiff as an "arm of the State" and therefore cannot be sued pursuant to § 1983; and

WHEREAS, Plaintiff failed to provide argument to preserve his claim as to Count 10 (Negligent Hiring, Training, Supervision) as it relates to the Camden County Prosecutor Office, *Doe v. Small*, 654 F. Supp. 3d 376, 387 (D.N.J. 2023); and

WHEREAS, a public entity cannot be held liable for the intentional torts of a public employee nor can such an entity be sued under § 1983, *Hammon v. Kennett Twp.*, 746 F. App'x 146, 149 (3d Cir. 2018); and

THE COURT FINDING that Count 1 (Malicious Prosecution) and Count 10 (Negligent

Hiring, Training, Supervision) must be dismissed as to the Camden County Prosecutor Office because it cannot be held liable under § 1983; and

THE COURT FINDING that the case can proceed with the following claims against the Prosecutor Defendants: Count 1 (Malicious Prosecution) as it relates to Prosecutor Defendants Mellits and Woshnak, and Count 4 (42 U.S.C. § 1983 relating to Suggestive Photo Identification) as it applies to Prosecutor Defendant Woshnak.

IT IS on this **14th** day of **February 2024,** hereby

**ORDERED** that City Defendants' Motion to Dismiss (ECF. No. 73) is **GRANTED** as to;

- Count 1 (Malicious Prosecution) against City Defendants Martinez, Matthews, and City of Camden
- Count 2 (Intentional Infliction of Emotional Distress) against all City Defendants
- Count 3 (Abuse of Process) against all City Defendants
- Count 4 (42 U.S.C. § 1983 relating to Suggestive Photo Identification) against City Defendants Martinez and Matthews
- Count 5 (42 U.S.C. § 1983 relating to Post Trial Witnesses and Alleged Exculpatory Evidence) against City Defendant Matthews

**FURTHER ORDERED** that Prosecutor Defendants' Motion to Dismiss (ECF No. 83) is **GRANTED IN PART AND DENIED IN PART**;

**GRANTED** as to:

- Count 1 (Malicious Prosecution) against Prosecutor Defendants Kellegian, Devlin, Folks, and the Camden County Prosecutor Office
- Count 2 (Intentional Infliction of Emotional Distress) against Mellits, Kellegian, Devlin, Folks, Woshnak, and the Camden County Prosecutor Office
- Count 3 (Abuse of Process) against Prosecutor Defendants Mellits, Kellegian, Devlin, Folks, and Woshnak
- Count 4 (42 U.S.C. § 1983 relating to Suggestive Photo Identification) against Prosecutor Defendants Kellegian, Devlin, and Folks

7

- Count 5 (42 U.S.C. § 1983 relating to Post Trial Witnesses and Alleged Exculpatory Evidence) against Prosecutor Defendants Mellits, Kellegian, Devlin, and Folks
- Count 7 (*Monell* Claim) against Camden County Prosecutor Office
- Count 10 (Negligent Hiring, Training, Supervision) against Camden County Prosecutor Office

**DENIED** as to:

- Count 1 (Malicious Prosecution) against Prosecutor Defendants Mellits and Woshnak,
- Count 4 (42 U.S.C. § 1983 relating to Suggestive Photo Identification) against Prosecutor Defendant Woshnak

Dated: February __, 2024

KAREN M. WILLIAMS
United States District Judge